UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 11, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SHOULDER PAIN PUMP - CHONDROLYSIS
PRODUCTS LIABILITY LITIGATION  MDL No. 1966

ORDER DENYING TRANSFER

**Before the entire Panel**[*]: Plaintiffs in two actions pending in the District of Oregon and one action pending in the District of Minnesota have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Oregon. This litigation currently consists of thirteen actions: six pending in the District of Oregon[1] and one each in the Northern District of Alabama, the District of Colorado, the Southern District of Indiana, the Eastern District of Kentucky, the District of Minnesota, the Eastern District of New York, and the District of Utah, as listed on Schedule A.[2]

Supporting centralization in the District of Oregon are plaintiffs in two other District of Oregon actions, a Northern District of Alabama action, a District of Colorado action, a Southern District of Indiana action, an Eastern District of Kentucky action,[3] an Eastern District of New York action, and a District of Utah action, as well as plaintiffs in four potential tag-along actions pending in the District of Colorado, the Northern District of Florida, the Eastern District of New York, and the Western District of Virginia, respectively. Plaintiffs in the actions pending in the Northern District of Alabama, the Southern District of Indiana, the Eastern District of New York, and the District of Utah advocate selection of their respective districts as transferee district, in the alternative.

---

[*] Although two of the Panel's five current members hold stock interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter, the Panel invokes the Rule of Necessity to decide the matter now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] A seventh action pending in the District of Oregon, *Travis L. Quimby v. Johnson & Johnson, et al.*, C.A. No. 3:08-194, was included in one of the two Section 1407 motions filed in this docket. The Panel has been notified that this action was recently dismissed by stipulation of the parties. Accordingly, the question of inclusion of this action in MDL No. 1966 proceedings is moot.

[2] The Panel has been notified of eighteen related actions pending in various federal districts.

[3] Plaintiffs in the action pending in the Eastern District of Kentucky action initially filed a separate Section 1407 motion seeking centralization in that district, but later modified their position to support selection of the District of Oregon.

Responding defendants[4] all oppose centralization. To the extent that they express a preference, most of these defendants support selection of either the Eastern District of Kentucky or the Northern District of Illinois as transferee district, if the Panel orders centralization over their objections.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. Although these personal injury actions[5] have some commonality as to whether shoulder pain pumps and/or the anesthetic drugs used in those pumps cause glenohumeral chondrolysis, an indeterminate number of different pain pumps made by different manufacturers are at issue, as are different anesthetic drugs made by different pharmaceutical companies. Moreover, not all of the thirteen constituent actions involve pharmaceutical company defendants, and many defendants are sued only in a minority of those actions.[6] The proponents of centralization have not convinced us that the efficiencies that might be gained by centralization would not be overwhelmed by the multiple individualized issues (including ones of liability and causation) that these actions appear to present. The parties can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

---

[4] Abbott Laboratories; Abraxis Bioscience Inc.; APP Pharmaceuticals, LLC; APP Pharmaceuticals, Inc.; AstraZeneca PLC; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Zeneca Holdings Inc.; B. Braun Medical Inc.; Breg, Inc.; DePuy, Inc.; DePuy Mitek, Inc.; DJO LLC; DJO, Inc.; Hospira, Inc.; Stephen W. Houseworth, M.D.; I-Flow Corp.; Johnson & Johnson; McKinley Medical, LLC; Curlin Medical, Inc.; Moog, Inc.; Oratec Inventions Inc.; Reable Therapeutics, Inc.; Reable Therapeutics, L.L.C.; SMI Liquidating Inc.; Smith & Nephew, Inc.; Stryker Corp.; and Stryker Sales Corp.

[5] None of the actions is a class action.

[6] For example, defendant SMI Liquidating, Inc., is named only in the Eastern District of Kentucky action; defendants Breg, Inc., and B. Braun Medical, Inc., are named only in the Eastern District of New York action; defendant APP Pharmaceuticals, Inc., is named only in one District of Oregon action; and defendant Watson Pharmaceuticals, Inc., is named only in the Southern District of Indiana action.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these thirteen actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz            Robert L. Miller, Jr.
Kathryn H. Vratil            David R. Hansen

**IN RE: SHOULDER PAIN PUMP - CHONDROLYSIS
PRODUCTS LIABILITY LITIGATION**           MDL No. 1966

## SCHEDULE A

    <u>Northern District of Alabama</u>

Paul W. Westbrook v. DJO, Inc., et al., C.A. No. 5:08-263

    <u>District of Colorado</u>

Stacey Ann Hansen v. DJO, Inc., et al., C.A. No. 1:08-365

    <u>Southern District of Indiana</u>

Jensen Meharg, et al. v. I-Flow Corp., et al., C.A. No. 1:08-184

    <u>Eastern District of Kentucky</u>

Jessie M. Ritchie, et al. v. SMI Liquidating, Inc., C.A. No. 2:08-19

    <u>District of Minnesota</u>

Sean McDaniel, et al. v. I-Flow Corp., et al., C.A. No. 0:08-399

    <u>Eastern District of New York</u>

Jack Frobes, et al. v. Stryker Corp., et al., C.A. No. 1:08-1897

    <u>District of Oregon</u>

Christina McClellan v. I-Flow Corp., et al., C.A. No. 6:07-1309
Gregory Turner, et al. v. Stryker Corp., et al., C.A. No. 6:07-1310
Gordon J. Addis v. McKinley Medical, LLC, et al., C.A. No. 6:07-1318
Caleb Huggins, et al. v. Stryker Corp., et al., C.A. No. 6:07-1671
Danny E. Arvidson, et al. v. DJO, LLC, et al., C.A. No. 6:08-478
John Eric Butler v. Stryker Corp., et al., C.A. No. 6:08-588

    <u>District of Utah</u>

Erika Creech, et al. v. Stryker Corp., et al., C.A. No. 2:07-22