# EXHIBIT 46

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-00365-MSK-CBS

STACEY ANN HANSEN,

Plaintiff,

v.

DJO, INCORPORATED; f/k/a DJ ORTHOPEDICS, INC.;
REABLE THERAPEUTICS, LLC; and I-FLOW CORPORATION,
Defendants.

---

DEPOSITION OF: DAVID WEINSTEIN, M.D. - May 11, 2009

---

PURSUANT TO NOTICE, the deposition of DAVID WEINSTEIN, M.D., was taken on behalf of the Defendant I-Flow Corporation, at 219 West Colorado Avenue, Suite 210, Colorado Springs, Colorado 80903, on May 11, 2009, at 1:10 p.m., before Tina M. Stuhr, Registered Professional Reporter and Notary Public within Colorado.

A. Yes.

**Q. And would this be one of the first studies of its kind?**

A. There's some -- there's already some literature out there already on this.

**Q. And would you agree that the literature that's out there does not definitively determine whether there's a cause-and-effect relationship between the medication found in pain pumps and chondrolysis?**

A. Well, my opinion would be that there is.

**Q. And what -- is your opinion that pain -- the medication found in pain pumps can cause chondrolysis?**

A. It seems to me that that's the highest correlated factor, that the patients that have developed chondrolysis had pain pumps.

**Q. And when you say "the highest correlating factor" what do you mean?**

A. Well, at least the more recent stuff that I've seen, the factor that seems to be most highly correlated with the development of chondrolysis would be the use of an intra-articular pain pump.

**Q. But in the course of your medical training and experience, you agree that there are**

REPORTER'S CERTIFICATE

STATE OF COLORADO )

) ss.

CITY AND COUNTY OF DOUGLAS )

I, TINA M. STUHR, Registered Professional Reporter and Notary Public, State of Colorado, do hereby certify that previous to the commencement of the examination, the said DAVID WEINSTEIN, M.D., was duly sworn by me to testify to the truth in relation to the matters in controversy between the parties hereto; that the said deposition was taken in machine shorthand by me at the time and place aforesaid and was thereafter reduced to typewritten form; that the foregoing is a true transcript of the questions asked, testimony given, and proceedings had.

I further certify that I am not employed by, related to, nor counsel for any of the parties herein, nor otherwise interested in the outcome of this litigation.

IN WITNESS WHEREOF, I have affixed my signature this 21st day of May, 2009.

My commission expires July 28, 2009.

__X__ Reading and Signing was requested.

_____ Reading and Signing was waived.

_____ Reading and Signing is not required.

May 21, 2009

DAVID WEINSTEIN, M.D.

9475 Briar Village Point

#325

Colorado Springs, Colorado 80920

Re: Stacey Ann Hansen v. DJO, Incorporated, et al.

and Samantha Archuleta, et al. v. DJO,

Incorporated, et al.

Deposition of: DAVID WEINSTEIN, M.D.

Dear Dr. Weinstein:

Enclosed you will find a complimentary copy of your deposition taken in the above matter. Also enclosed are amendment sheets for changes if necessary. Please return the signed and notarized signature page and amendment sheet(s), if any, to our office for filing within 30 days from the date of this letter to comply with the statute.

Thank you for your attention to this matter.

Sincerely,

Tina M. Stuhr, RPR, CSR

HUNTER + GEIST, INC.

Registered Professional Reporters

cc: Jeffrey R. Pilkington, Esq.