# EXHIBIT 2

STATE OF INDIANA ) IN THE HENDRICKS SUPERIOR COURT NO. 2
) SS:
COUNTY OF HENDRICKS ) CAUSE NO. 32D02-0802-CT-9 *(Consolidated)*

JENNIFER PAUGH, Individually and as Natural Guardian of Kirby Paugh, a Minor,

-and-

TIMOTHY GIBBS and JENNIFER GIBBS,

Consolidated Plaintiffs,

vs.

I-FLOW CORPORATION and DARLENE ROWLAND,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' following Motions premised on challenges under Indiana Rule 702 and *Daubert*: Defendant's Motion to Exclude Plaintiffs' Expert Dr. Samer Hasan (doc. 0135), Defendant's Motion to Exclude Plaintiffs' Expert Suzanne Parisian, M.D. (doc. 0135), Defendants' Motion to Exclude Plaintiffs' Expert Peggy Pence, Ph.D. (doc. 0135), Defendants' Motion to Exclude Plaintiffs' Expert Dr. Brian Badman (doc. 0135), and Defendants' Motion to Exclude Plaintiff's Expert Jason Louis Dragoo, M.D. (doc. 0135).

In opposition, the Plaintiffs' filed an omnibus Opposition to Exclude Expert Testimony. For the reasons indicated herein, the Court DENIES all of Defendants' motions.

## I. Background

In this consolidated case, Plaintiffs Timothy Gibbs and Kirby Paugh allege that they have suffered a permanent and disabling condition called "chondrolysis" following their use of an infusion pain pump. Plaintiffs allege that Defendant I-Flow Corporation improperly promoted their infusion pumps to orthopedic surgeons for use in the shoulder joint, and failed to warn physicians to avoid using the pain pump in shoulder joints, even after Defendants because aware there were unreasonable risks and dangers of using the product in such a manner. I-Flow denies liability, contending that under the current state of medical science, Plaintiffs cannot prove evidence of medical causation. Defendant challenges the admissibility of Plaintiffs' expert opinions under the theory that such opinions are not scientifically reliable under *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1933).

## II. Applicable Law

Defendants challenge the admissibility of each of Plaintiffs' experts under Rule 702 of the Federal Rules of Evidence and *Daubert*. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology use is scientifically valid and is properly applied to the facts at issue in the trial. *Ford Motor Co. v. Ammerman*, 705 N.E.2d 539 (Ind. Ct. App. 1999) Daubert, 509 U.S. 589. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. "[T]the test under Daubert is not the correctness of the expert' conclusions, but the soundness of his methodology. *Tucker v. Smithkline Beecham Corp.*, No. 1:04-cv-1748-DFH-DML, 2010 WL 1266487, at *19 (S.D. Ind. Mar. 30, 2010). The

trial judge enjoys broad discretion in determining whether the factors listed in *Daubert* reasonable measure reliability in a given case. Id at 153.

Indiana courts have never held that Rule 702 mandates that a witness can only testify from facts learned by personal experience. *Summit Bank v. Panos,* 570 N.E.2d 960, 964 (Ind. Ct. App. 1991) (citing *Ortho Pharmaceutical Corp. v. Chapman*, 388 N.E.2d 541 (Ind. Ct. App. 1979)). To the contrary, "[a] witness who testifies as an expert need not base her opinion testimony on personal knowledge if the opinion is based on evidence of a type normally found reliable and customarily relied upon by others in the witness's profession or area of expertise." *Id.* (citing *Kranda v. Houser-Norborg Medical Corp.,* 419 N.E.2d 1024 (Ind. Ct. App. 1981)). Knowledge may be acquired through hands-on experience, formal education, specialized training, study of textbooks, performing experiments, and observation. *Id.* (citing 13 W. MILLER, INDIANA PRACTICE § 702.103 at 35-37 (1984)).

## II. Experts

The defendant has challenged the testimony of five of plaintiffs' experts. Dr. Peggy Pence, Dr. Suzanne Parisian, Dr. Jason Dragoo, Dr. Brian Badman, and Dr. Samer Hasan. Each expert submitted an expert report and gave deposition testimony.

### A. Regulatory Expert Dr. Peggy Pence

Dr. Pence earned her Bachelor of Science degree, Magna cum Laude, in Microbiology from Louisiana Polytechnic University and my Doctor of Philosophy (PhD) degree in Toxicology, with Pharmacology minor, from Indiana University (Medical School campus). Dr. Pence has more than 35 years of experience in the research and development of traditional pharmaceutical and biotechnology-derived

products and medical devices, including diagnostics. She has worked with more than 50 companies and over 50 drugs, biologics, and medical devices and has lead development programs for a number of novel therapeutics. Dr. Pence has served as the U.S. Agent or authorized representative for FDA matters for both medical device and drug companies, with responsibility for FDA communications and, in the case of medical device companies, for establishment registration and device listing.

**B. Regulatory Expert: Suzanne Parisian, M.D.**

Dr. Parisian received her Medical Degree (M.D.) from the University of South Florida in 1978 and has been Board Certified in Anatomic and Clinical Pathology since 1989. She served as a Commissioned Officer in the United States Public Health Service and achieved the rank of Lt. Commander. During that time period, she was primarily assigned to the Center for Devices and Radiological Health ("CDRH") at the Food and Drug Administration ("FDA"). Dr. Parisian was a FDA Medical Officer in the Office of Health Affairs (OHA), a staff office within the Center for Devices and Radiological Health (CDRH), FDA. In OHA, she provided regulatory support to both the FDA's Office of Compliance and Office of Device Evaluation. Dr. Parisian's responsibilities in OHA included health hazard and health risk assessment, Safety Alerts and physician and layperson communications, review of adverse event reports and medical literature and review of product labeling, promotions, advertising, and corporate records as to compliance with the Food, Drug and Cosmetic Act. She now works as a private litigation consultant.

**C. Orthopedic Surgeon: Jason Dragoo, M.D.**

Dr. Dragoo is an Assistant Professor of Orthopedic Surgery at Stanford University School of Medicine, Sports Medicine, in Stanford, California. His research interests are in functional restoration of cartilage, particularly with the use of adult stem cells, and the mechanisms of cartilage degeneration including the use of local anesthetics. He has published original research on the affects of local anesthetics delivered by pain pump on cartilage.

**D. Orthopedic Surgeon: Brian Badman, M.D.**

Dr. Badman is Board Certified Orthopaedic Surgeon. He is licensed to practice medicine in the States of Indiana, Illinois and Florida. Dr. Badman attended Indiana University School of Medicine from 1996 to the year 2000, at which time he received his Doctor of Medicine degree. Dr. Badman has researched, published and lectured in his field. He was the treating operating surgeon for the Plaintiffs.

**E. Orthopedic Surgeon: Samer Hasan, M.D.**

Dr. Hasan is a physician with the Cincinnati Sportsmedicine & Orthopaedic Center. He is a fellowship trained shoulder and elbow surgeon with a clinical practice restricted to the treatment of shoulder and elbow conditions. Dr. Hasan's clinical practice is restricted to treating shoulder and elbow conditions. He is actively involved in teaching orthopaedic sports medicine fellows. He is actively involved in both clinical and basic science research and hold additional appointments at the University of Cincinnati, both as Adjunct Associate Professor in the Department of Biomedical Engineering and as volunteer instructor at the Department of Orthopaedics. He is a member of the American Shoulder & Elbow Surgeons, and is well published in his field.

**F. Discussion**

The Court finds the testimony of Peggy Pence and Suzanne Parisian could assist the jury in understanding the complex regulatory scheme applicable to medical devices. Their testimony relies upon the relevant literature, internal I-Flow documents, government documents, and deposition testimony. Their testimony demonstrated the numerous opportunities I-Flow had to advise surgeons about the risks of chondrolysis, but that they failed to do so.

The Court also finds ample evidence that the orthopedic experts have been published, subjected to peer review, and have applied techniques to their analysis that are generally accepted by the medical community. The experts have relied upon cohort studies, animal studies, and in vitro human cartilage studies demonstrating that the experts' causation opinions are supported by science. The law of Indiana permits an expert to rely upon the totality of evidence before him in formulating his opinions. The Court finds the Plaintiffs' experts are highly skilled in their respective fields and finds their methodologies sound. The Court is satisfied that the body of publications regarding the relationship between chondrolysis and anesthetics provides a basis for the general causation testimony offered in this case.

Accordingly, the Court DENIES Defendant's Motion to Exclude Plaintiffs' Expert Dr. Samer Hasan (doc. 0135); DENIES Defendant's Motion to Exclude Plaintiffs' Expert Suzanne Parisian, M.D. (doc. 0135); DENIES Defendants' Motion to Exclude Plaintiffs' Expert Peggy Pence, Ph.D. (doc. 0135); DENIES Defendants' Motion to Exclude Plaintiffs' Expert Dr. Brian Badman (doc. 0135); and DENIES Defendants' Motion to Exclude Plaintiff's Expert Jason Louis Dragoo, M.D. (doc. 0135) in their entirety.

SO ORDERED.

Dated: April 19, 2010

David H. Coleman

David H. Coleman, Judge